## STILES v. SCALES GOLD MINING CO.
### (No. 2100.)

Court of Civil Appeals of Texas. El Paso. Jan. 26, 1928.

Rehearing Denied Feb. 9, 1928.

**Bills and notes** ⬅**534—In action on notes, plaintiff held not entitled to attorney's fees provided for in collateral mortgage, in event of suit affecting mortgagee.**

Parties, in action to recover personal judgment on notes, *held* not entitled to attorney's fee provided in the collateral mortgage to be paid in any action brought to foreclose mortgage, or in any action, suit, or proceeding "affecting rights of mortgagee herein," title to mortgaged property or lien, or validity or priority thereof, or "rights of mortgagee hereunder."

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the Scales Gold Mining Company against Luther M. Stiles. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

W. E. Loose, of Houston, for appellant.

R. A. D. Morton, of El Paso, for appellee.

HIGGINS, J. October 31, 1918, appellant executed four notes in favor of appellee and upon the same day executed a mortgage upon real estate in California to secure, first, the payment of said notes; second, "payment of attorney's fees, in a reasonable sum to be fixed by the court, in any action brought to foreclose this mortgage, or in any action, suit, or proceeding affecting the rights of the mortgagee herein, whether brought by or against the owner of said real property, involving either the title thereto, the lien of this mortgage thereon, the validity or priority of such lien, or the rights of the mortgagee hereunder, whether such action, suit, or proceeding progress to judgment or not; also payment of all costs and expenses of such suit, and such sums as said mortgagee may pay for searching the title to the mortgaged property subsequent to the date of the record of this mortgage or for surveying said property, all of which sums, including said attorney's fees, the mortgagor agrees to pay, and the same are hereby declared a lien upon said property and are secured thereby."

The ninth section of the mortgage reads:

"The makers thereof promise to pay said notes according to the terms and conditions thereof; and in case of default in payment of the same, or of any installment of interest thereon when due, or if default be made in payment of any other of the moneys herein agreed to be paid, or in the performance of any of the covenants and agreements herein contained on the part of the mortgagor, the whole sum of money then secured by this mortgage shall become immediately due and payable at the option of the holder of said notes, and this mortgage may thereupon, or at any time during such default, be foreclosed, and the filing of the complaint in foreclosure shall be conclusive notice of the exercise of such option by the mortgagee."

Appellee brought this suit in the district court of El Paso county to recover the balance due upon the notes and for a reasonable attorney's fees, it being alleged that the action was a suit or proceeding affecting the rights of the mortgagee mentioned in the mortgage. The note sued upon makes no provision for attorney's fees. Upon trial without a jury judgment was rendered in favor of appellee for the balance due and an attorney's fee of $250, from which Stiles appeals, complaining only of the allowance of the attorney's fee.

The ninth section of the mortgage is simply a covenant to pay the notes with an accelerating maturity clause. It has no bearing upon the question at issue. A number of cases have been cited by the respective parties, but none of them are in point. The decision in each case cited is based upon the language of the instrument there considered. Whether the attorney's fee allowed appellee is recoverable depends upon the language of the present mortgage. The second section of the mortgage is the only portion which throws any light upon the intention of the parties with respect to the obligation assumed by the mortgagor for the payment of attorney's fees.

This is not an action to foreclose the mortgage and that provision obligating the mortgagor to pay such fee in case of foreclosure has no application. Counsel for appellee does not so contend, but in his petition avers as the basis for recovery of attorney's fees, that it is an action, suit, or proceeding affecting his right as mortgagee, and therefore within the terms of the mortgage. Broadly speaking, the action is one affecting the rights of the mortgagee; but the mortgagee

does not obligate the mortgagors to pay an attorney's fee in every action of that nature, but only in such an action, suit, or proceeding "involving either the title thereto, the lien of this mortgage thereon, the validity or priority of such lien, or the rights of the mortgagee hereunder." The present action does not involve the title to the mortgaged property, the lien of the mortgage thereon, the validity or priority of the lien, "or the rights of the mortgagee hereunder."

Succinctly stated, the effect of the second section of the mortgage is to obligate the mortgagor to pay an attorney's fee in an action to foreclose the mortgage or in any action by or against the owner of the mortgaged property, which action involves the title to such property, the lien of the mortgage, the validity or priority of the lien, or the rights of the mortgagee under the mortgage. Therefore the mortgage does not impose any obligation to pay an attorney's fee in the present action, which is to recover simply a personal judgment based upon the contract to pay embodied in the notes. The present action has no connection with and is not based upon any right conferred by the mortgage.

Reversed and rendered by eliminating from the amount of the recovery the item of $250 attorney's fees.

Reversed and rendered.